IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

ARIELLA KLEIN,

               Appellant,

   v.

CRIS SIMMONS DDS PLLC, d/b/a
WILLIAM C. SIMMONS, DDS,

               Respondent.

No. 84381-8-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM — Ariella Klein moved for a waiver of civil fees and surcharges with regard to a related appeal, No. 84141-6-I. In that appeal, Klein seeks review of an order summarily dismissing her complaint against Cris Simmons DDS PLLC and an order denying reconsideration of that order.

The trial court treated Klein's fee waiver motion as a motion for an order of indigency under RAP 15.2 and denied it, explaining, "Plaintiff's motion . . . fails to qualify for appeal at public expense under either RAP 15.2(b) or 15.2(c)." The court also noted that "this is the third denial the Court has issued on almost identical motions," and it denied Klein's motion "with prejudice," stating, "This means the motion may not be brought again. Any effort to file again will be met with sanctions."

Klein appeals the order denying her RAP 15.2 motion, and we now reverse.

Under RAP 15.2(a), "[a] party seeking review in the Court of Appeals . . . partially or wholly at public expense must move in the trial court for an order of indigency." Because Klein is not seeking review in a type of case listed in RAP 15.2(b), her motion was governed by RAP 15.2(c). See RAP 15.2(b) (setting forth the procedure when the moving party seeks review in (1) certain criminal prosecutions, (2) dependency and termination cases, (3) commitment proceedings, (4) civil contempt cases directing incarceration of the contemner, (5) certain habeas cases, and (6) "any other case in which the party has a constitutional or statutory right to counsel at all stages of the proceeding"); see also RAP 15.2(c) (setting forth the procedure for "cases not governed by [RAP 15.2(b)]").

Under RAP 15.2(c), "the trial court shall determine in written findings the indigency, if any, of the party seeking review." If it determines the party is not indigent, then it must deny the motion and must also enter "findings designating the funds or sources of funds available to the party to pay all of the expenses of review." RAP 15.2(c)(1). If, on the other hand, the trial court determines that the party seeking review is indigent, it must enter findings to that effect and then forward them to the Supreme Court. RAP 15.2(c)(2). The Supreme Court—not the trial court—will then determine whether the party seeking review is entitled to review partially or wholly at public expense. RAP 15.2(d); see also RAP 15.2(c) (party seeking review must demonstrate a constitutional or statutory right to review at public expense, "the right to which will . . . be determined *by the Supreme Court"* (emphasis added)).

No. 84381-8-I/3

Here, the trial court did not determine Klein's indigency or enter the findings required by RAP 15.2(c). Instead, the trial court determined the ultimate issue of whether Klein was entitled to appeal at public expense—a determination that RAP 15.2(c) expressly reserves for the Supreme Court. This was error.

We reverse and remand to the trial court for further proceedings consistent with this opinion.

FOR THE COURT

Díaz, J.

Chung, J.

Duyon, J.